Wells v. Somers.

JEFFREY WELLS

v.

JOSEPH W. SOMERS ET AL.

1. MORTGAGE—ESTOPPEL OF MORTGAGOR BY COVENANTS IN THE DEED.—Where a mortgagor conveyed premises by way of mortgage, and the premises were afterwards sold under an execution issued on a judgment, which became a lien prior to such mortgage, and afterwards the mortgagor receives title to the mortgaged premises, through the title created by the sale under execution, he is estopped by the covenants in his mortgage deed from claiming any interest in the premises as against the mortgage.

2. STATEMENT.—It appears that the mortgagor had paid the plaintiff in execution all but about $30 of the debt, and being indebted to other parties in small sums, they being also sureties for him upon an over-due but unpaid note, it was agreed that such parties should pay the balance of the execution debt and take a deed of the premises, with the understanding that when the mortgagor had paid them for the moneys advanced, and released them from their liability on the note, they would convey the premises to the wife of mortgagor. The mortgagor had paid the indebtedness except a small balance, and the court is of opinion that these parties are simply mortgagees of the premises.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. Smith, Judge, presiding. Opinion filed October 2, 1879.

Mr. J. O. CUNNINGHAM, for appellants; that Smith, one of the makers of the note, was not a necessary party, cited 2 Hilliard on Mortgages, 121; Wilkerson v. Daniels, 1 Iowa, 179.

The legal title afterwards acquired by the mortgagor enured to the benefit of the mortgagee: King v. Gilson, 32 Ill. 348; Gochenouer v. Mowry, 33 Ill. 331; Jones v. King, 25 Ill. 383.

As to estoppel by covenants in the mortgage: Bigelow on Estoppel, 323; McCracken v. Wright, 14 Johns. 194; Somes v. Skinner, 3 Pick. 38.

A *femme covert* may be estopped by her covenants: Rawle on Covenants, 433; Ladew v. Paine, 82 Ill. 221; Nixon v. Halley, 78 Ill. 611.

It is the policy of the law to encourage redemptions: Karnes v. Lloyd, 52 Ill. 113; Phillips v. Demoss, 14 Ill. 410.

Mr. WILLIAM B. WEBBER, for appellees; that the several sums paid by other parties for the mortgagor took priority over the mortgage, cited Story's Eq. 410; · Gray v. Jenks, 3 Mass. 522; Mosier v. Norton, 83 Ill. 519.

The wife is not estopped by the covenants in the mortgage: Rev. Stat. Chap. 30, § 17; Strawn v. Strawn, 50 Ill. 256.

McCULLOCH, J. This was a bill in chancery, brought by appellant against appellees, to foreclose a mortgage. Upon a full hearing of the case, the court below dismissed the bill upon the following finding of the facts in the case, to wit: That Joseph W. Somers and Martha B. Somers, his wife, who joined for the purpose of relinquishing her dower, on the 6th day of November, 1875, made, executed and delivered the mortgage described in the bill, to secure the payment of the sum of money as therein alleged; and that at the time of the execution of said mortgage, the title in fee in said premises in said mortgage described was in said Joseph W. Somers, and that said premises was not then, nor at any time since, occupied as a homestead; that prior to the execution of said mortgage, to wit, May 11th, 1875, the sheriff of said county, under an execution issued upon a valid judgment in favor of Wallace Silver, administrator, and against Joseph W. Somers, for $205.63, sold said premises to said Wallace Silver, and on the 23d day of May, 1876, the sheriff executed a deed in pursuance of said sale to said Silver; that on the 25th day of October, 1876, said Silver, for the consideration of sixty-five dollars, to him paid by George C. Weber and John W. Somers, conveyed said premises described in said mortgage to Martha B. Somers, who for a valuable consideration, on the same day conveyed the same to said George C. Weber and John W. Somers, by deed in fee; that said Martha B. Somers received the title to said premises from Wallace Silver, in trust for said John W. Somers and George C. Weber, and afterwards conveyed to them the fee as aforesaid. The court, therefore, finds that the title of said George C. Weber and John W. Somers is paramount to the title which complainant in the bill claims by virtue of his said mortgage, and for that reason

dismisses the bill. The chain of title thus set out is substantially recited in the bill, but it is attacked for the reasons that said Weber and John W. Somers paid no consideration for the premises; that the conveyance to them was only colorable; that they took said title well knowing of complainant's superior claim, and that whatever claim they have is subject to his mortgage ; that the consideration paid to Silver was paid by Joseph W. Somers, and that the conveyance was so made to and received by said Martha B. Somers, with the purpose and intention on the part of said Joseph W. and Martha B. Somers to defraud complainant, and that even if made in good faith, yet by virtue of the covenants in the mortgage to complainant the premises in the hands of either of said Joseph W. or Martha B. Somers, or of said John W. Somers or George Weber, are subject to said mortgage. We do not deem it necessary to review all the points made by counsel for appellant, for if the proofs show that he is entitled to any relief whatever to which the allegations of the bill are germane, the decree must be reversed. As found by the court below, the consideration for the deed from Silver was paid by Weber and John W. Somers, and the deed was made to Martha B. Somers in accordance with the wishes of Mrs. Wilson, of whose husband's estate said Wallace Silver was the administrator. It is true, therefore, as found by the court, that so far as this particular phase of the transaction is concerned, the title in Mrs. Somers was a trust in favor of said Weber and John W. Somers.

But appellant's mortgage has never been paid, and so far as Joseph W. Somers is concerned, the same is a valid and subsisting lien upon any interest, legal or equitable, he may have in the land; for his covenants estop him from claiming any interest therein as against this mortgage. When we come to examine the evidence more closely, we find that before the conveyance to Mrs. Somers (but whether before or after the sheriff's deed to Silver does not appear), Joseph W. Somers had paid to Silver about two-thirds of the amount for which the land had been sold by the sheriff, leaving a balance of only about $65 unpaid. Joseph W. Somers was indebted to Weber and John W. Somers, or one of them, in some other small

Wells v. Somers.

sums, besides which they had become his securities on two notes for about the sum of $300, which were past due and unpaid. For the purpose of securing the payment of these sums, and to indemnify themselves against liability on said notes, an arrangement was made whereby they were to pay off the Silver claim and procure the title from him, intending, as they say, that when Joseph W. Somers should pay them the amount he owed them, as well as the sum they had to pay Silver, and they should be relieved from their liability on said notes, to convey the same to Mrs. Somers. Subsequently Joseph W. Somers did pay them all he owed them, including the amount paid to Silver, except about thirty dollars. It is therefore very evident, that the purchase from Silver was made for the benefit of Joseph W. Somers, and that Weber and John W. Somers, are simply mortgagees. Joseph W. Somers has paid all the purchase money but about $30, for which Weber and John W. Somers have a lien superior to the mortgage. From the meagerness of the evidence, we cannot decide whether or not they are entitled to a lien upon the land to indemnify them against their liability on said notes. If they have been compelled to pay them, that fact may have an important bearing upon the equities of the case. If they have not paid them, but are still held liable thereon, it would seem the holder thereof is sufficiently interested in the security, to be made party to this bill, and to be required to assert his rights, if any, to such security. The decree will therefore be reversed and the cause remanded, with leave to appellant to amend his bill and to take further proof.

Reversed and remanded.